UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH G., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 22-CV-546-CDL |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration (Commissioner) denying disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2). For the reasons set forth below, the Court **affirms** the Commissioner's decision.

I.  **Standard of Review**

The Social Security Act (Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See id*. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S.Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S.Ct. at 1152 (quoting 42 U.S.C. § 405(g)). The court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## II.   Procedural History

On December 8, 2020, the plaintiff filed a Title II application for disability insurance benefits. The plaintiff was 45 years old on his alleged disability onset date of August 1, 2019. In his initial application, the plaintiff alleged disability due to a combination of physical impairments and anxiety. His physical impairments include lower back problems,

numbness in the right leg, obesity, chronic obstructive pulmonary disease (COPD), high blood pressure, prior injury to the left arm, and pre-diabetes. He also alleged an inability to walk for long periods of time and cited injuries from a prior car accident resulting in hip issues, numbness and swelling in the right foot. (*See* R. 71). The plaintiff has a high-school equivalency diploma and attended some college. (R. 41). Before his alleged disability, the plaintiff worked as a machinist. (R. 63).

The Commissioner denied the plaintiff's claim initially and on reconsideration. (R. 70-99). An administrative law judge (ALJ) held a telephonic hearing on March 16, 2022. The plaintiff and a vocational expert (VE) provided testimony. (R. 36-67).

The plaintiff testified that he stopped working in 2019 when his employer relocated to another state. (R. 44, 56-57). At that time, he was having difficulty keeping up due to dizzy spells and sweating. (R. 44). The plaintiff stated that his primary problems preventing him from working are breathing troubles, dizzy spells, falling down, back pain, and pain from his right leg to his neck. (R. 45).

On April 5, 2022, the ALJ issued a decision denying benefits. (R. 16-35). The plaintiff appealed the ALJ's decision to the Appeals Council, which denied the request for review on August 25, 2022. (R. 4-6). As a result, the ALJ's April 5, 2022 decision became the final decision of the Commissioner. *Id*. The plaintiff was granted an extension of time to appeal to the district court and subsequently filed his Complaint (Doc. 2) on December 15, 2022. (*See* R. 1-2).

**III.     The ALJ's Decision**

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpt. P, App'x 1 (Listings). At step four, the claimant must show that her impairment or combination of impairments prevents him from performing his previous work. The claimant bears the burden on steps one through four. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant retains the capacity to perform other work available in the national economy, in light of the claimant's age, education, and work experience. *Id*.

Here, the ALJ determined at step one that plaintiff had insured status through March 31, 2025, and that he has not engaged in substantial gainful activity since his alleged disability onset date. (R. 18). At step two, the ALJ found that plaintiff suffers from the severe impairments of arthritis, diabetes mellitus, COPD, and obesity. *Id*. The ALJ found that plaintiffs' alleged anxiety is non-severe and that he has a mild limitation in each of the "paragraph B" domains of mental functioning—understanding, remembering, and

applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 18-19). At step three, the ALJ found plaintiff's impairments do not meet or medically equal a Listing. (R. 19-20).

At step four, the ALJ determined that the plaintiff has the residual functional capacity (RFC) to perform

> light work as defined in 20 CFR 404.1567(b) except he is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours of an 8-hour workday, sit for 6 hours of an 8- hour workday, he is able to occasionally climb ramps and stairs but no climbing ropes, ladders, or scaffolds; occasionally stoop, kneel, crouch and crawl, and frequently reach and handle, as well as avoid exposure to extreme heat or other workplace hazards.

(R. 20). The ALJ found the plaintiff is unable to perform his past relevant work, but that he can perform the requirements of representative occupations existing in significant numbers, including:

> ***Belt inspector***, Dictionary of Occupational Titles (DOT) # 683.487-010, light exertion, unskilled, specific vocational preparation (SVP) level 2, with 42,000 such jobs in the national economy;
>
> ***Cloth inspector***, DOT # 689.687-022, light exertion, unskilled, SVP level 2, with 17,000 such jobs in the national economy; and
>
> ***Food inspector***, DOT # 526.687-010, light exertion, unskilled, SVP level 2, with 43,000 such jobs in the national economy.

(R. 29). Accordingly, the ALJ found plaintiff not disabled at step five. (R. 29-30).

## IV.   Discussion

The plaintiff argues that (1) the ALJ did not adequately address the prior administrative findings regarding his mental impairment of anxiety, and (2) the ALJ improperly omitted any mental limitations from the RFC and the hypothetical on which the

5

ALJ's step-five conclusion is based. The Commissioner argues that the ALJ's decision is free from legal error and is supported by substantial evidence.

### A. Prior Administrative Findings[2]

On February 3, 2021, Ryan Jones, Ph.D. reviewed the administrative record in connection with plaintiff's initial application. Dr. Jones assessed a non-severe medically-determinable impairment of anxiety. (*See* R. 74-76). Dr. Jones rated the plaintiff's limitations as mild in each of the four paragraph B areas. (R. 75). He assessed no functional limitations relating to plaintiff's anxiety. On reconsideration, William Farrell, Ph.D. reached similar conclusions after noting that the plaintiff did not "allege a change in conditions," but that he had reported "new conditions of anxiety and being unable to focus." (R. 90, 92). Both consulting psychologists cited subjective reports indicating that the plaintiff can groom himself, doesn't need reminders, spends time with others, can follow directions, and "[g]oes with the flow," although he reportedly gets angry when paying bills and "[s]huts down when stressed." (R. 76).

The plaintiff contends that the ALJ failed to properly evaluate the prior administrative findings of Dr. Jones and Dr. Farrell. The ALJ's decision must articulate how she considered the medical opinions or prior administrative medical findings from each medical source. 20 C.F.R. § 404.1520c(b)(1). The most important factors for the ALJ

---

[2] The plaintiff does not challenge the ALJ's physical RFC determination for a limited range of light work. (*See* Doc. 11 at 6). Because the plaintiff's arguments on appeal relate only to the plaintiff's alleged mental impairments, the prior administrative findings and other evidence relating to the physical RFC determination are not addressed here.

to consider are supportability and consistency, and the ALJ's decision must explain how she considered those factors in determining persuasiveness of a medical source's medical opinions or prior administrative medical findings. *Id*. § 404.1520c(b)(2). Supportability refers to the extent that a medical source's opinion is supported by "relevant . . . objective medical evidence and supporting explanations" from the same medical source. 20 C.F.R. § 404.1520c(c)(1). Consistency involves comparing the opinion with evidence "from other medical sources and nonmedical sources." *Id*. § 404.1520c(c)(2). The ALJ must also consider the medical source's relationship with the claimant, specialization, and other factors, but generally, the ALJ's decision is not required to specifically address those additional factors. *Id*. § 404.1520c(c).

Here, the ALJ found both Dr. Jones and Dr. Farrell's opinions persuasive as to the determination that the plaintiff's anxiety is nonsevere. The ALJ noted that neither source provided a functional assessment. (R. 28). The ALJ's decision recounted accurately that Dr. Jones found "no more than mild limitations in the [plaintiff's] global functioning," and that Dr. Farrell concurred with this finding. (R. 27-28; *see* R. 76, 92). The ALJ's decision then noted the reviewing psychologists found plaintiff's anxiety does not impose "more than a moderate degree of limitation" on the plaintiff's activities of daily living and in other areas. (R. 27, 28).[3]

---

[3] In addressing the paragraph B findings of Dr. Jones and Dr. Farrell, the ALJ's decision includes boilerplate language referring to an obsolete version of the regulations used to determine the severity of an impairment. (*See* R. 27-28). However, the plaintiff does not challenge the ALJ's decision on this basis, and any such argument is waived. *Cf. Norris v. Comm'r of Soc. Sec.*, No. 20-12054, 2021 WL 4944817, at *10 (E.D. Mich. Oct. 6, 2021) (finding plaintiff waived any argument for remand based on the ALJ's application

7

Although the plaintiff's argument is somewhat unclear, he appears to assert that the ALJ failed to adequately explain the supportability factor because the ALJ's decision refers to the consultants' paragraph B findings as "[not] more than *moderate*" limitations, when in fact, Dr. Jones and Dr. Farrell uniformly found only *mild* limitations in each domain. Although arguably imprecise, the ALJ's summary did not downplay anything in the consulting psychologists' findings—indeed, the prior administrative findings are entirely consistent with the ALJ's RFC determination. As such, the plaintiff has not identified any reversible error in this regard. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (stating that a court reviewing an ALJ's decision under § 405(g) "should, indeed must, exercise common sense. . . . [W]e cannot insist on technical perfection."); *see also Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) (unpublished) (citation omitted) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").[4]

The plaintiff concedes that both reviewing psychologists found only mild limitations in any area of mental functioning. Dr. Farrell acknowledged that on

---

of an outdated version of a Listing and, regardless, failed to show that any misapplication of outdated version "amounts to more than harmless error").
[4] Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

8

reconsideration, the plaintiff alleged that his anxiety had become "extreme" and that he was "more cloudy" and "unable to focus." (R. 86). He later noted that the plaintiff reported "new conditions of anxiety and being unable to focus." (R. 90). Dr. Farrell noted additional evidence consisting of a primary care appointment on February 2, 2021, when the plaintiff requested medication to calm him during a planned trip to Hawaii. The plaintiff was observed to be alert and oriented times four, with a depression score of 4, and was prescribed Xanax to take one hour before flying. (R. 92).

However, the plaintiff contends that Dr. Farrell's findings are unreliable, because Dr. Farrell also stated at one point in his report that the plaintiff "[did] not allege a change in condition" at the reconsideration stage. (R. 90). But the plaintiff has failed to show that any harm could have resulted from any inaccuracy by Dr. Farrell in his summary of the reconsideration evidence. Even if Dr. Farrell's statement is construed as an error, such error did not render the ALJ's decision erroneous—in fact, the ALJ undisputedly addressed the relevant evidence that the plaintiff submitted at the reconsideration stage. Thus, the Court finds no harm resulted from any arguable misstatement in Dr. Farrell's report.

Regarding consistency of the prior administrative findings, the ALJ found these opinions were "supported by the medical evidence." (R. 28). The plaintiff does not directly challenge this conclusion or cite any medical evidence that was not addressed in the prior administrative findings and the ALJ's decision. As the plaintiff concedes, the ALJ acknowledged his testimony that when his anxiety is high, it raises his blood pressure, and noted medical source evidence that the plaintiff reported a history of treatment for anxiety. (Doc. 11 at 8; *see* R. 23). The record includes multiple occasions during pain management

and primary care appointments when the plaintiff displayed a congruent mood and affect and depression screening was recorded as zero. (*See* R. 75-76).

While there were occasions where providers observed "mild distress," on one such occasion the plaintiff also reported that his mood was "good" and that he was thinking of taking a cruise in a few months. (R. 23). On several occasions, aside from mild distress, the plaintiff generally presented normally, and on certain other occasions the ALJ's decision noted situational factors that were present. (*See* R. 21-22 (plaintiff was in mild distress but was alert and oriented) R. 25 (plaintiff was experiencing mild distress after having fallen while working around his pool, but was oriented times three); R. 27 (plaintiff was experiencing mild distress after his mother-in-law had passed away the previous day)). In short, substantial evidence supports the ALJ's consistency finding with respect to the mental health reviewers' prior administrative findings.

**B.     RFC**

The plaintiff contends that the ALJ erred by failing to include any mental limitations in the RFC and hypothetical questions to the VE. This argument also lacks merit. The plaintiff's brief alludes to vague "limitations which might be due to the mild mental impairment of anxiety" and points to hearing testimony that he has problems remembering

a movie or book. (Doc. 11 at 10).[5] Here, the ALJ's decision discussed the plaintiff's subjective statements relating to his anxiety, including problems with memory and concentration, in addressing the paragraph B findings and the RFC determination. (*See* R. 19, 21). The decision also adequately addressed the medical evidence as it related to plaintiff's anxiety, as discussed *supra*.[6] The Court can readily follow the ALJ's reasoning based on the evidence discussed, and the ALJ's RFC determination and findings at step five extend logically from the evidence. Accordingly, the Court finds no reversible error. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (noting that an ALJ's failure to include an alleged limitation in the RFC is not error if the limitation is not supported by the medical record); *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (affirming where, *inter alia*, claimant had not "directed [the court's] attention to any medical evidence that was disregarded" related to alleged functional limitation); *see also Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004) ("The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability.").

---

[5]  In his reply brief, the plaintiff points to his testimony that leaving the house had become difficult and that, when he goes with his wife to Walmart, he usually sits in the car. Read in context in the hearing transcript, these statements refer to the plaintiff's difficulty with physical exertion. (*See* R. 49 ("As far as walking, how long can you walk at one time before you have to stop?" A: "I can get to the door of my house. . . . I lose my breath."). However, such limitations are not at issue here, as the plaintiff affirmatively "accepts" the physical RFC limitation to light work. (Doc. 11 at 6).

[6]  The plaintiff does not argue that further development of the record was warranted, and any such argument is waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

V.  **Conclusion**

The Court finds that the ALJ's decision is supported by substantial evidence and free of reversible legal error. The decision of the Commissioner finding the plaintiff not disabled is therefore **affirmed**.

DATED this 5th day of January, 2024.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge